Good morning, Your Honors, Deborah Greenberger for Plaintiff Appellant. The District Court made two errors that require reversal here. The first is its decision is at odds with a basic principle of civil procedure whose implications go far beyond the FLSA, and that's the distinction between what must be pleaded in under Rule 8a and Iqbal and Twombly for claims, and what a defendant must plead in its answer under Rule 8c, and the District Court ignored a long line of cases from the Supreme Court and this Court that made clear that a plaintiff need not anticipate and establish a lack of an affirmative defense such as statute of limitations, need not do that at all, let alone specifically. Which is not to say that a District Court can never dismiss a case on limitations grounds. Of course it can, and it can do so on a 12b6 motion, but only when a complaint on its face demonstrates that the claim is barred as untimely. So applying that rule in the FLSA context, as numerous courts have, what that means is on a 12b6 motion, a District Court can only throw out FLSA claims if it's clear that those violations occurred more than three years ago, or if it's clear that the complaint on its face demonstrates that the violations were not willful. How would a complaint ever affirmatively plead the implausibility of willfulness? For example, if the complaint said, Your Honor, that the mistake here was, that it was a mistake, a simple mistake, that what happened here, or that it becomes clear from the facts in the complaint that the employer did not intend to make, to not pay the employee overtime payments. And what is plaid here in terms of specific facts to show willfulness? Well, first of all, Your Honor, our position is that the plaintiff need not plead any specific facts, but to answer your question. I understand that, but yes, if you could answer my question. Of course, Your Honor. There are substantial facts here. What's pleaded is it's clear that this employer knew about the FLSA. This employer knew that the manual work, the manual duties it assigned to the plaintiff were covered by the FLSA and were overtime eligible. How do we know that? Because the complaint pleads that other people doing the same manual labor were classified as non-exempt. The complaint also pleads that this employee's regular duties for four years were to do this On four years, his regularly scheduled work day was 45 hours a week or more, and he never got paid overtime. Can I ask a question about the, I understand your overall argument about affirmative defense, but isn't this a little different in that given the statutory language, the burden of persuasion is ultimately on the plaintiff on willfulness. I'm wondering whether this case isn't more like our decision in Thea, the equitable estoppel case that your adversary relies on. It's not like Thea, and let me explain why. So in Thea, on the face of the complaint, there was a one-year statute and the claim was outside that one-year statute. That was clear. And so basically, the plaintiff had pleaded himself out of court unless the plaintiff put forward additional facts showing why there should be a toll. This is not a case where there's a toll. This is a case where there's two potential statute of limitations, a two-year statute and a three-year statute. And you're right, your honor, that this is a case where ultimately, at trial, the plaintiff will have to plead willfulness. That will be the plaintiff's burden. But as Fernandez told us, he will have to prove willfulness. Correct. He'll have to prove willfulness. You could characterize this as an exception to the two-year default. If you want the benefit of the three years, you have to plead and prove willfulness. Why would that be contrary to how we generally think of the rules of civil procedure? So the reason that it's contrary, your honor, is that this is a situation where it's still a statute of limitations defense. Ultimately, at trial, we will have to prove willfulness, as you said. But when you look at the statutory language, which is, I think, an important place to start, Section 255 makes clear that there's two potential statutes of limitations here. A two-year statute for non-willful violations and a three-year statute for willful violations. And when you look at also, I think, which is important, is McLaughlin, which is the When it describes the provisions, it treats it as just a general statute of limitations. There's no discussion that it's any different than any standard statute of limitations. And because of that, this court, in a case called Fisher v. Vassar College, which is 70 F. 3rd, 1420, and numerous courts of appeals throughout the country have said that when you're looking at 255, it's a statute of limitations which can be waived by the defendant, just like any other statute of limitations. Is there any legislative history or anything that explains how willfulness came to be an element of the affirmative defense as opposed to, in effect, an element of the cause of action? Is there anything that explains what seems otherwise pretty anomalous? I would say, your honor, it seems a little bit of a blip. The Supreme Court reached this determination, even though it doesn't have any analysis of why it would do that. And I'm not quite clear how it did that. But we recognize that that's the rule. But there's no analysis under that rule that would imply that there's anything different than a standard 8c statute of limitations. So, as a practical matter, in most FLSA cases, there's a timely claim made within the first two years. And so, in practice, I take it this really rarely matters, because even if the third year had been precluded at the threshold, if discovery later proved discovery on the most recent two years supplied newly discovered evidence of willfulness, a plaintiff would at least have somewhere to go. You'd go to the district court and seek leave to amend to add the third year in light of what's been discovered. What's quirky here is that there wasn't a timely complaint made in the first two years, so the only game in town is that third year where willfulness is required. This is a quirky case, is it not? Well, that I would say, I agree with you, Judge Engelmeyer, is a quirk. But I would say what's more common, and we see this in numerous cases that you've decided, is that the court decides, even though there's a dispute about willfulness, that it'll conditionally certify a class for a three-year class. And one case I wanted to point your honor to that you decided was Martin v. Sprint, which is 2016 Westlaw 30334. And that's a case where you say, and it's totally true, that where willfulness is disputed, courts in this circuit typically apply the three-year limitations. And if you look at the complaint there, there were very few allegations that supported willfulness. Certainly, there was no determination that willfulness was specifically pleaded the way it would need to be if the Iqbal rule applied. Was there a motion to dismiss at the threshold of third year in that case? There was not, your honor. But that same dispute and the same basis for the dispute occurred in the conditional certification phase of the case. We'll hear from your adversary. Thank you, your honor. Thank you, your honor. Good morning. Michael Billock for Appellees. May it please the court. So the issue here is, when considering a motion to dismiss an FLSA claim for timeliness, does willfulness need to be plausibly pled for the three-year statute of limitations to apply? And obviously, you know, my colleagues answered that question. Their position is that willfulness does not need to be plausibly pled. To quote from page three of their reply brief, quote, plaintiff filed within the three-year period alleged willfulness and has not pleaded facts to the contrary. That is enough. Our position, of course, is the opposite. That is not enough. The case law is clear that it's not enough simply to make an allegation. To remain in court, plaintiff must make a plausible allegation. Now, obviously, the dispute, my colleagues' response to this, is they don't have to do so because we're seeking to dismiss on a sexual limitations ground, which is an affirmative defense, and they don't have to anticipate having an affirmative defense. But we submit this logic is incorrect and that it's a non sequitur. They still have to plead their case, and willfulness is part of their case. What about the qualified immunity case? I mean, the Supreme Court there, the reasoning there would conflict with what you've just said? I don't believe so, Your Honor. They still have that affirmative obligation to plead their case with willfulness being part of their case before we get to the affirmative defense of statute of limitations. They've actually, the plaintiff actually has pled willfulness. The word willful appears four or five or six times in the complaint. So why is there, given that it is an affirmative defense, why is there an obligation to plead these specific facts when the affirmative defense hasn't even been asserted yet? First, Your Honor, I just want to address the willfulness in this complaint. The word is only used once. They have pled it. I can see they've pled willfulness. But it is only mentioned the one time in their claim. I thought I saw it several times. Go ahead. I'll find it. No, I understood you. I might be just talking about the facts section. In the causes of action section, the word willful appears four or five times. I apologize, Your Honor. So as far as that being the talking about the affirmative defense, it's still part of their allegations. They concede that if they hadn't pled willfulness, they wouldn't be here. The court could have dismissed the case to respond to at that point. We wouldn't have even had to move for a motion to dismiss. They had to plead willfulness in order for this case to go forward. It's part of their claim. In order for them to achieve greater damages, in order for them to liquidate their damages for willfulness, and in order to achieve a longer statute of limitations. But our position is that before even getting to the statute of limitations, it's a question of did they plead it. And if the question has to be asked did they plead it, the question becomes did they plausibly plead it. Let me ask you. The facts here are consistent with either willfulness or non-willfulness. It really depends on what the surrounding evidence produced in discovery shows. But the fact pattern as pled doesn't preclude or dictate a finding of willfulness. Isn't that right? Your Honor, at this point it's a motion to dismiss. I'm not asking the court to consider any facts, but merely the allegations, the alleged facts, and are they plausible to show willfulness. But what's implausible about the possibility that willfulness could be established? In other words, assuming that Twombly and Iqbal don't apply because this is an affirmative defense, the pleadings that plaintiff has made leave it absolutely conceivable that once information known only to the defendants is uncovered in discovery, it will turn out that they were well aware of the FLSA consequences of the failure to relabel the job type. No? Your Honor, I would disagree. I would submit that that position is that my colleagues are arguing it's possible. It's possible that a supervisor could have known that this person was working in this position and that it was a non-exempt position. But it's not what they allege, and the allegations don't point to that conclusion. There are a number of specific facts. I think that supports what Judge Engelmeyer is saying. There were a number of non-exempt employees doing this precise work. The plaintiff replaced a non-exempt employee. The defendants knew the difference and the ramifications because of the differences between exempt and non-exempt employees. Other non-exempt employees did this work. The defendants knew that the plaintiff was required to work more than 40 hours per week. Assuming those facts were all true, as we must, why is that not a plausible claim of willfulness? Well, Your Honor, I disagree that several of those facts have been alleged in the complaint. They allege that the company knew. There is no allegation of any specific person at the company having knowledge in terms of... Even assuming that's correct, but applying the rules on 12b-6, it's not enough to allege that the company knew. I think the complaint says defendants, plural, by the way. But to say that the company knew is not enough on a motion to dismiss at this stage of the proceeding?  We have to allege the specific supervisor by name and that the supervisor knew? Not necessarily the specific supervisor by name, but at least enough facts that make it plausible that it was known. Whether the employee complained, whether the employee would know who the supervisor is, whether the employee complained to this particular supervisor or that other person. And in Fernandez, which my colleague points to, the reason they found that willfulness was plausibly alleged there was that it was a very small company with just 14 employees. And they alleged in the complaint the owner knew about the FLSA, knew they were violating the FLSA. In McLaughlin v. Richland Shoe, the Supreme Court said that it's not enough to merely allege that the employer did it wrongfully. They have to show willfulness. They have to show that it was reckless. And that is a higher burden to show. It's not there for disknowledge or reckless disregard. The complaint does allege that they were paying employees who were not exempt and hourly employees and they were complying with FLSA with regard to them, so they knew of the statute. At the motion to dismiss stage, even if we apply a plausibility standard, why wouldn't that be enough? The person who preceded him in this work was an hourly employee, but he wasn't paid as an hourly employee. Because, Your Honor, there's not necessarily a connection between what person was supervising Mr. Whiteside and what person in HR was handling, if there was even an HR department at that time, what person was handling if people were exempt or non-exempt, simply because a supervisor... When you say not necessarily, that may be so, but it may be the case. Again, inferences are supposed to be drawn in favor of the plaintiff. Your Honor, I'd submit that brings it up to the no set of facts standard as something being possible as opposed to nudging it to the realm of the plausible. May I ask you, though, the reason you contend that that standard probably ought to even apply is by overlooking the formalism that the plaintiff articulates, that that plausibility doesn't apply to infirmary defense. Explain to me, because rules of civil procedure have a lot of formalisms embedded in them, what the harm is of the plaintiff's rule. It simply allocates, in effect, the pleading burden as to willfulness on the party that is in greater possession of information. There may be cases where a plaintiff knows about willfulness because there was a conversation about wage rates, but in many situations where that's opaque to the plaintiff, asking them to plead willfulness in this situation may be asking to plead something that's out of their can of knowledge. Your Honor, I'd say there's harm for three reasons. Number one, that per the rule that the plaintiff is asking this court to adopt, any claim that says the word willful in it, as long as no complaints are earlier, you asked a question of my colleague in terms of how would they plead themselves out of court. No plaintiff is going to say, well, this was a simple mistake and we're seeking damages. Almost every FLSA claimant seeks or puts the word willful in there will get a three-year statute of limitations. Richland SHU stands for the proposition that that's not correct. Usually, though, you're already going to be litigating through discovery the first two years. It's a quirk of this case that those two years are out of the box, but it's not as if merely incanting the word willfulness in the ordinary case is what leads the case to go to discovery. All that it does is open up the third year. It does, and in this case, that opens up the case of discovery. I see that I am running out of time. I would like to point the court to one case that I wanted to cite, which is GEOMC Company versus CalMare. Excuse me. Yeah, CalMare Therapeutics, 918 F3rd 92, where last year this court held, we conclude that the plausibility standard of Twombly applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense. So this court found that the Twombly standard applies to all pleadings. So if the court adopts the test that my colleague is asking, the court would make an exception to say that Twombly applies to all pleadings, except for a pleading that might provide the plaintiff additional time to file or additional damages. And the last point I'd like to make just very quickly is that on the issue of anticipating affirmative defenses, statute of limitations is unique in it's always anticipated. No lawyer worth their salt is going to sit on a claim, is going to file a claim, where they know that the statute of limitations has run. And indeed here, the reason that willfulness is alleged, because without that allegation, statute of limitations has run. It's something, and courts do dismiss cases sua sponte, even without a motion to dismiss, if they see that it's been untimely filed. Thank you, your honors. We'll hear rebuttal. Thank you, your honor. I certainly don't want to revisit old territory. It seems like the court has had a lot of questions. Are there additional questions that I could answer, or points that you'd like me to respond to? Well, could you address the point that in essence adopting the rule that you're urging means that there's a category of cases. It may not be a large category, but it may get larger if this is clear. Where someone who's clearly time barred with regard to the two-year statute can get into discovery merely by putting the word willful into the complaint. And some allegation that they performed some non-exempt work. Right. So, first of all, as I think your question recognizes, they still have to plead plausibly all of the elements of the claim. Right. That they have to plead that they worked the time, that they weren't paid for the time, that they were a covered employee, and all of those things. Second of all, the court has a lot of case management tools that the court can always use if there's a sense that the plaintiff is doing something that it shouldn't be doing and this is not a claim that is going to survive. So the court can have targeted discovery. It can have early summary judgment practice. I have no reason to think that this is going to open any floodgates at all. Because as Judge Engelmeyer explained, it's usually the case that there are also claims within the two-year statute. Can you address the Sixth Circuit cases that your adversary relies on under the FMLA and say why they're distinguishable given the similarity in statute? Absolutely. And the answer there, Your Honor, is that what the Sixth Circuit is doing is applying the same rule that every circuit that's looked at this has said, including this court, including the Supreme Court, which is that a plaintiff can allege facts that negate the affirmative defense. And that is what the, I'm sorry, Kruger, which is the Sixth Circuit case, did. And the Sixth Circuit decision points to those facts, which the Sixth Circuit finds negated and rebutted any potential finding of willfulness. So there, the plaintiff decided to plead that they received the leave that they had sought. And they decided to plead that they received many warnings. And they decided to plead that the union grievance was rejected. And the Sixth Circuit looked at all those facts and said, looking at those facts, that plaintiff has pleaded himself out of court. Just like the Seventh Circuit in, I don't know how to pronounce it, but Exe Chem made clear is the rule. And that's the same rule that we're asking this court to apply. Thank you very much, Your Honor. Thank you both. Thank you, Your Honor. We'll take the matter on advisement nicely argued.